IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| TONIA ADAMS | PLAINTIFF |
| VS. | CIVIL ACTION NO. 3:21cv208-DMB-RP |
| WALMART, INC. AND JOHN DOE | DEFENDANTS |

### WALMART'S NOTICE OF REMOVAL

**COME NOW** Defendants, Walmart, Inc. improperly named as proper party, and the proper party, Wal-Mart Stores East, LP ("Defendants" or collectively "Walmart"), by and through counsel and without waiving any objections to venue or other defenses, including any defenses under Rules 12(b) and 8(c) of the Federal Rules of Civil Procedure, and file this Notice of Removal of this action from the Circuit Court of Lafayette County, Mississippi, to the United States District Court for the Northern District of Mississippi, Oxford Division, and in support hereof, would show unto the Court the following:

**I.    COMPLAINT**

1.    On August 5, 2021, Tonia Adams ("Plaintiff") filed her Complaint in this matter (hereto attached as Exhibit A) against Walmart in the Circuit Court of Lafayette County, Mississippi, this being cause number L21-318. Walmart was served with copies of the Summons and Complaint on August 24, 2021, Ex. B, Serv. of Process Transmittal.

2.    In his Complaint, Plaintiff alleges that on March 21, 2021, Plaintiff was placed in a massage chair in Davi Nails salon within Walmart store located in Oxford, Mississippi, and the backs of her legs were burned from the massage chair. Ex. A, at 1-2 (¶¶6-9). Also in the Complaint, Plaintiff requests a judgment "for compensatory and *punitive* damages[.]" *Id*. at 3 (¶16) (emphasis added). Therefore, as discussed herein below, since complete diversity of

1

Case: 3:21-cv-00208-DMB-RP Doc #: 1 Filed: 09/22/21 2 of 6 PageID #: 2

citizenship exists and Plaintiff has shown that the value of this case exceeds $75,000 exclusive of interest and costs, this Court has original diversity jurisdiction.

      **II.     PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

            ***A.     This Case is Removable under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a)***

3.     28 U.S.C. § 1441(a) provides, in pertinent part:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending.

The United States District Court for the Northern District of Mississippi, Oxford Division, is the district and division embracing the location of the state court where this suit is currently pending.

4.     28 U.S.C. § 1332(a), as amended, provides in pertinent part:

The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between . . . citizens of different States.

As will be discussed below, because Plaintiff requests punitive damages, the amount in controversy has been established, and this Court has original diversity jurisdiction of this matter.

            ***B.     This Removal is Timely under 28 U.S.C. § 1446(b)***

5.     Under 28 U.S.C. §1446(b), a notice of removal can be filed within thirty (30) days after receipt "through service or otherwise, [of] a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"


6. As stated, Walmart was served with a copy of the Summons and Complaint on August 24, 2021. Ex. B. Walmart is removing this case within thirty days of August 24, 2021. Therefore, this removal is timely.

### C. *Required Documents Have Been Attached, and Notice Has Been Given to the Clerk*

7. Pursuant to 28 U.S.C. § 1446(a), copies of process, pleadings, and orders served on Walmart are attached hereto as Exhibit C. Pursuant to Rule 5(b) of the Local Uniform Civil Rules, a true and correct copy of the entire state-court file will be filed with this Court within fourteen (14) days of the date of removal.

8. Additionally, contemporaneous with the filing of this Notice of Removal, Walmart will file a copy of the same with the Clerk of the Circuit Court of Lafayette County, Mississippi, in accordance with 28 U.S.C. § 1446(d).

### III. DIVERSITY JURISDICTION

9. As stated, this Court has original diversity jurisdiction over this case pursuant to § 1332(a) because complete diversity of citizenship exists, and Plaintiff's Complaint establishes that the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. *Diversity of Citizenship Exists*

10. According to the Complaint, Plaintiff is an adult resident citizen of Union County, Mississippi. Exhibit A, at 1 (¶1).

11. Wal-Mart Stores East, LP is and was a Delaware limited partnership with its principal place of business in Arkansas. WSE Management, LLC is the sole general partner of Wal-Mart Stores East, LP, and WSE Investment, LLC is the sole limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are and were Delaware limited-liability companies, with their principal places of business in Arkansas. Wal-Mart Stores

East, LLC is the sole member of both WSE Management, LLC and WSE Investment, LLC. Wal-Mart Stores East, LLC is and was an Arkansas limited-liability company, with its principal place of business in Arkansas. Walmart Inc. (f/k/a Wal-Mart Stores, Inc.) is the sole member of Wal-Mart Stores East, LLC. Walmart Inc. is a Delaware Corporation, with its principal place of business in Bentonville, Arkansas. Wal-Mart Associates, Inc. is and was a Delaware corporation, with its principal place of business in Bentonville, Arkansas.

12. Consequently, complete diversity of citizenship exists.

### B. Amount in Controversy Has Been Met

13. As stated, Plaintiff, seeks an award of punitive damages (Exhibit A, at 4-5) (in paragraph beginning with "WHEREFORE PREMISES CONSIDERED,"), in addition to an award of compensatory damages. *Id.*

14. Plaintiff's claim for an unspecified amount of punitive damages alone is sufficient to satisfy the jurisdictional amount, as federal courts in Mississippi have consistently held that a claim for punitive damages is deemed to exceed the amount necessary for federal jurisdiction. *See e.g. Haney v. Cont'l Cas. Co.*, 2008 WL 5111021, at *1 (S.D. Miss. Dec. 2, 2008) (federal courts in Mississippi have held that claims for an unspecified amount of punitive damages exceed the jurisdictional amount); *Montgomery v. First Family Financial Services, Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002) (noting that federal courts in Mississippi have consistently held that a claim for unspecified amount of punitive damages under Mississippi law is deemed to exceed amount necessary for federal jurisdiction); *Conseco Finance Servicing Corp. v. Kolb*, 2002 WL 1013116, at *6 (N.D. Miss. Apr. 15, 2002); *Ross v. First Family Financial Services*, 2002 WL 31056778 *8 (N.D. Miss.); *Myers v. Guardian Life Ins. Co.*, 5 F. Supp. 2d 423, 428 (N.D. Miss. 1998) (concluding that a claim for punitive damages alone was enough to meet jurisdictional threshold);

*accord Chambley v. Employers Ins. of Wausau*, 11 F. Supp. 2d 693, 695 (S.D. Miss. 1998); *Allstate Ins. Co. v. Hilbun*, 692 F.Supp. 698 (S.D. Miss. 1988).

15. Walmart's recognition that the amount in controversy exceeds the jurisdictional threshold is not as an acknowledgment or admission by Walmart of any liability. The amount-in-controversy analysis offered herein is based solely off of the allegations contained in the Complaint.

16. Walmart reserves its right to amend and/or supplement this Notice of Removal.

17. Walmart reserves all affirmative defenses including, but not limited to, defenses under Rules 8(c) and 12(b).

18. Walmart reserves its right to amend or supplement this Notice of Removal.

19. Walmart reserves all affirmative defenses including, but not limited to, Rule 12(b) and 8(c) defenses.

**WHEREFORE, PREMISES CONSIDERED**, Walmart respectfully requests that this Court proceed with the handling of this case as if it had been originally filed herein and that further proceedings in the Circuit Court of Lafayette County be hereby stayed.

This the 22nd day of September, 2021.

                                       **WALMART, INC. AND**
                                       **WAL-MART STORES EAST, LP**

                      By: _____
                                       THOMAS M. LOUIS (MSB No. 8484)
                                       J. CAROLINE JOHNSON (MSB No. 105674)

OF COUNSEL:

WELLS MARBLE & HURST, PLLC
POST OFFICE BOX 131
JACKSON, MS 39205-0131
(601) 605-6900
(601) 605-6901
tlouis@wellsmarble.com
cjohnson@wellsmarble.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of this document was filed using the Court's ECF system, which should have automatically emailed a copy to:

    S. Ray Hill, III
    Clayton O'Donnell, PLLC
    P.O. Drawer 676
    Oxford, MS 38655
    rhill@claytonodonnell.com
    *Attorney for Plaintiff*

      This the 22nd day of September, 2021.

                                                 /s/ J. Caroline Johnson
                                               J. Caroline Johnson